## REQUIREMET THAT STOCKHOLDER MUST CONTINUE IN A CERTAIN LINE OF BUSINESS.

Circuit Court of Cuyahoga County.

CALVIN D. PAXSON v. THE CLEVELAND AUTOMOBILE DEALERS COMPANY.

Decided, December 17, 1909.

*Corporations—Unlawful Provision as to Ownership of Stock.*

A provision in the constitution and by-laws of a corporation for profit
and printed upon its certificates of stock, that a stockholder shall
cease to be such and his stock be returned to the company and
its face value be refunded to him upon his ceasing to be engaged
in a particular business, is unlawful and unenforceable.

*Solders, Thayer & Mansfield,* for plaintiff in eror.
*C. B. Haskins,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This case is here upon appeal and was heard upon an agreed
statement of facts.    The question involved is whether plaintiff
can be deprived of his rights as a stockholder in the defendant
company, pursuant to certain regulations and by-laws.

The defendant is a corporation for profit, incorporated for
the purpose of "protecting, promoting and enhancing the in-
terests of the automobile dealers of Northern Ohio, also the pro-
moting, managing and controlling of automobile show exhibits
and races in Northern Ohio together with all things necessary
or incidental to the carrying out of said purposes."

Among its by-laws is found the following:

"No person shall be entitled to hold more than one share of
the stock of this company.

"And no person shall be eligible to hold stock in this com-
pany, unless such person be a *bona fide* retail dealer in automo-
biles, and be determined to be such by the board of directors of
this company.

"Upon the filing with the secretary of a written complaint
by three stockholders, in good standing, against the continu-

ance of any person as a stockholder in this company, the secretary shall at once notify such stockholder of the time and place of the next meeting of the board of directors, and the secretary shall upon receipt of such complaint, forthwith transmit a copy thereof to the president and to the stockholder against whom the complaint has been filed; and the president shall bring said complaint to the attention of the board of directors, at their next meeting, for their consideration, and said board shall have the power to declare said stockholder to be disqualified to hold stock in this company, and if said stockholder shall be found to be so disqualified by said board they shall at once communicate their finding in writing to the secretary of this company, who forthwith shall tender such disqualified stockholder the sum of ten dollars ($10) whereupon the stock held by said stockholder shall be canceled, and the name of said stockholder stricken from the records of this company, and said stockholder shall thereupon cease to be a stockholder in this company.''

Pursuant to this by-law the board of directors has duly found plaintiff to be no longer a *bona fide* retail dealer in automobiles, and has canceled his membership, and tendered him back $10, the face value of his share.

It is conceded by counsel for defendant that taken by itself this is an unenforceable by-law, but that by reason of certain statements printed upon the face of plaintiff's certificate of stock it became an enforceable contract with him when he paid his money for and received his said certificate.

The language of the certificate is as follows:

''The capital stock of this company is issued, held, owned and transferred subject to the conditions, provisions and limitations as provided by the regulations and by-laws of this company which are hereby made a part of this certificate, the same as though herein written.''

Of course the law writes into this the word ''lawful'' regulations and by-laws.

This contract, so-called, whether expressed upon the face the certificate or found only in the by-law is unlawful for three reasons:

*First.* It seeks to make an unrecognized distinction as to qualifications for membership. Every corporation for profit in

the state of Ohio must open its books of subscription to all citizens, and having received subscriptions it can not thereafter cancel them because the stockholder ceases to possess some qualification the law does not impose.

*Second.* It seeks to provide that the corporation may deal in its own stock.

*Third.* It provides for a reduction of capital stock in a manner not sanctioned by law. The statutes point out how capital stock may be reduced, and this "contract" is not in accordance therewith.

Judgment for plaintiff.

---

## JUDGMENT UPON DISMISSAL FROM JUSTICE OF THE PEACE.